IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HEATHER APPEL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action. No. **3:09-CV-1281-L** |
| | § | |
| **INSPIRE PHARMACEUTICALS, INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for New Trial, filed May 28, 2010. After carefully considering the motion, response, reply, record, and applicable law, the court **denies** Plaintiff's Motion for New Trial.

Plaintiff filed a motion for new trial, which is governed by Rule 59(a) of the Federal Rules of Civil Procedure; however, there was no trial in this matter. Plaintiff's claims against Defendant were adjudicated by summary judgment. Plaintiff's Motion for New Trial is therefore more properly characterized as a motion to alter or amend the judgment under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (motion to alter or amend under Rule 59(e) is proper motion to contest summary judgment); *Patin v. Allied Signal Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1990) (motion to reconsider entry of summary judgment properly styled a Rule 59(e) motion).

"Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate

issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2810.1 (2d ed. 2010); *see also Simon*, 891 F.2d at 1159. When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

On April 30, 2010, the court granted Defendant's Motion for Summary Judgment and entered judgment in favor of Defendant Inspire Pharmaceuticals, Inc. ("Defendant" or "Inspire"). Plaintiff Heather Appel ("Plaintiff" or "Appel") has now moved for a new trial, contending that the court erred in granting summary judgment on behalf of Inspire. She contends first that the court ruled *sua sponte* on grounds not raised in the motion for summary judgment, whether she was qualified for her job and had stated a *prima facie* case of pregnancy discrimination. Second, Appel argues that the court erred in finding that she was not a qualified individual under the Americans with Disabilities Act ("ADA")

**Memorandum Opinion and Order – Page 2**

and in failing to take into account various accommodations Defendant refused to grant. She argues that there were genuine issues of material fact to defeat summary judgment. Defendant opposes her motion.

The court considers first Plaintiff's argument that its holding that she was not qualified to perform the job of Territory Manager was made *sua sponte* and was therefore error. Defendant contends that the court also determined that there was no evidence of disparate treatment of Plaintiff because she was pregnant. It also contends that it argued throughout its motion that Plaintiff was not qualified for her job.

The court will not reconsider its decision with respect to Plaintiff's pregnancy discrimination claim. It held both that there was no evidence of disparate treatment and that Plaintiff was not qualified to perform her job. The parties extensively briefed the issues of Plaintiff's limitations and the requirements of her job. The court does not believe that it made a *sua sponte* decision, and if it did, it had another basis for dismissing her pregnancy discrimination claim.

Plaintiff also contends that the court should reconsider its decision with respect to her ADA claim. She argues that Defendant's employee admitted that she was qualified and that there was sufficient evidence to show she was a qualified individual under the ADA. She also argues that she presented possible accommodations that the court did not consider. Defendant responds that Appel misconstrues the evidence and that under the ADA the court should give consideration to the employer's judgment as to what are essential functions of a given job.

The court will not reconsider its decision with respect to this claim either. The court carefully considered the evidence and argument, and Plaintiff generally reurges the arguments she made in response to the motion for summary judgment. The evidence supports the court's determination that

Plaintiff was not a qualified individual with a disability under the ADA because she could not perform all of the essential requirements of her job. The court also considered Plaintiff's proposed accommodations and determined that they would not allow her to fulfill the essential requirements of her job. Nothing in Plaintiff's motion changes that determination by the court.

For the reasons stated herein, the court **denies** Plaintiff's Motion for New Trial.

**It is so ordered** this 19th day of August, 2010.

Sam A. Lindsay
United States District Judge